## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Spencer Christie, being duly sworn, do hereby depose and state:

### Introduction

1. This affidavit is made in support of an arrest warrant and criminal complaint charging Ruben COLON with Failure to Register as a Sex Offender, in violation of Title 18, United States Code, Section 2250. The information set forth below has come from either personal investigation or, where noted, has been relayed to me personally by other law enforcement officers assisting with this investigation.

### Affiant Background

2. I am a Deputy U.S. Marshal and have been so employed since April 3, 2011. I attended the United States Basic Deputy Marshal Academy and completed it successfully in 2011. This training was at the Federal Law Enforcement Training Center ("FLETC") in Glynco, Georgia. At the Deputy Academy, I received hundreds of hours of formalized and generalized instruction on fugitive investigation and case management. Portions of this training were geared toward case building and investigation that would analyze what parameters of conduct would be sufficient to meet the various statutory requirements of the United States Code Title 18 offenses. During my time as a Deputy U.S. Marshal, I have participated in numerous fugitive apprehensions and case investigations. One of my responsibilities is to investigate individuals who are convicted sex offenders and have failed to register as required by the Sex Offender Registration and Notification Act ("SORNA"), in violation of Title 18, United States Code, Section 2250. I currently serve as the District Sex Offender Coordinator ("DSOC") for the District of Maine.

**The Sex Offender Registration and Notification Act**

3. The applicable "failure to register" statute, Title 18, United States Code, § 2250 provides in part, "Whoever— (1) is required to register under the Sex Offender Registration and Notification Act; . . . (2)(B) travels in interstate or foreign commerce . . .; and (3) knowingly fails to register or update a registration as required by the Sex Offender Registration and Notification Act; shall be fined under this title or imprisoned not more than 10 years, or both."  Section 113 of SORNA, states that a sex offender "shall register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student."  42 U.S.C. § 16913(a) ("Registry requirements for sex offenders"). SORNA further defines the sex offender's responsibility to keep his/her registration current:

> "(c) Keeping Registration Current – A sex offender shall, not later than 3 business days after each change of name, residence, employment or student status, appear in person in at least 1 jurisdiction involved pursuant to subsection (a) and inform that jurisdiction of all changes in the information required for that offender in the sex offender registry . . . ."

42 U.S.C. § 16913(c).

**Statement of Probable Cause**

4. Ruben COLON was originally convicted on December 10, 2010, of Possession of Child Pornography in U.S. District Court in the District of Maine and was sentenced to serve a term of fifty (50) months, with five years of supervised release to follow.  This felony conviction made COLON a Tier I sex offender registrant, with a 15-year registration requirement under federal law.

5.     COLON began registering as a sex offender in Massachusetts on December 20, 2010, and completed his initial sex offender registration with the Massachusetts Sex Offender Registry Board ("MASORB").  COLON signed and dated a registration form wherein he acknowledged a list of requirements, including:

*1. You must comply with the state law (M.G.L. c6 Sec. 178C through Q) which requires you to notify appropriate authorities of any changes of residence address: permanent, secondary, or part-time residences, a minimum of ten (10) days prior to the change when possible.*

6.     COLON began serving his term of supervised release in the District of Massachusetts on July 24, 2014, and completed his term of supervised release on July 23, 2019.

7.     On July 9, 2020, COLON failed to submit his sex offender registration documents to the MASORB.  COLON's whereabouts were unknown at the time and he was placed in absconder status.

8.     On September 3, 2021, I received a phone call from Detective Everett Allen with the Sanford Police Department in Sanford, Maine.  Allen told me that an absconded sex offender from Massachusetts, COLON, was the subject of a call for assistance at a residence in Sanford.  A relative of COLON had noticed images of child pornography on COLON's tablet while trying to troubleshoot an issue with the tablet.  A Sanford Police Officer interviewed COLON and asked if he was struggling to stop downloading images of child pornography since his release from prison and he said "Yes."  When asked if there were any images on his tablet, he stated, "Not that I know of."

9.     On September 3, 2021, I contacted the Maine State Sex Offender Registry ("MSOR") and inquired if COLON had registered as a sex offender in Maine.  They informed me that COLON has not contacted the registry in Maine, and he has not registered as a sex offender as required by law.

10. On September 21, 2021, Special Agent ("SA") Dave Pawson with Homeland Security Investigations ("HSI") conducted a search of COLON's tablet (after it was seized pursuant to a state search warrant). SA Pawson determined that COLON had visited multiple websites and downloaded images of child pornography. The downloaded images depicted bestiality, bondage, etc. He further informed me that COLON has used search terms like Pedo, JB, Pre-teen, Angels, Lola, and Lolita, which are all common terms associated with child pornography.

11. In addition, according to SA Pawson, it appears that COLON downloaded images of child pornography while on supervised release. During SA Pawson's review of Mr. Colon's device, he reviewed historic downloaded files portraying females of various ages. SA Pawson located one file indicating that it is a 10:00 minute video, which COLON downloaded on or about May 3, 2018. Depicted on the first thumbnail image is what appears to be a female of approximately 12 to 14 years of age. She is lying belly down on a bed and positioned between a male's legs. The male subject's penis is clearly visible and erect. The minor female is holding the penis in her hand. SA Pawson also located a second video depicting a female between the ages 14 and 16 years, which COLON appears to have downloaded on or about November 21, 2016. This video did successfully play and portrayed the minor female posing on her knees. She then stands up and removes all or her clothing exhibiting her vagina and breasts. Based on the foregoing, HSI is separately investigating whether COLON unlawfully possessed or accessed images of child pornography, in violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b)(2).

## Conclusion

10. As a result of COLON'S above-described conviction, he was required by SORNA to register, and keep said registration current, in each jurisdiction where he resided, was employed, or was a student. *See* 42 U.S.C. § 16913(a) and (c). The facts set forth herein

establish that COLON has failed to register as a sex offender here in Maine since moving to this judicial district.

11.     Based on the above facts, I believe probable cause exists for the issuance of a criminal complaint alleging that from a date unknown but no later than July 9, 2020 and continuing until a date unknown but no earlier than September 21, 2021, in the District of Maine, COLON, an individual required to register and update registration pursuant to the Sex Offender Registration and Notification Act, and who had traveled in interstate commerce, did knowingly fail to register and to update his sex offender registration in violation of 18 U.S.C. § 2250(a).

I, Spencer Christie, hereby swear under oath that the information set forth in this affidavit is true and correct to the best of my knowledge, information and belief, and that I make this oath under pains and penalties of perjury.

Dated at Portland, Maine this the 24th day of September, 2021.

_____
Spencer Christie, Deputy US Marshal
United States Marshals Service

Sworn to telephonically and signed electronically in accordance with the requirements of Rule 4.1 of the Federal Rules of Criminal Procedure

Date: Sep 24 2021

City and state: Portland, ME

_____
Judge's signature
John H. Rich III, U.S. Magistrate Judge
Printed name and title